*1399 OPINION.
Maequette:
The question in issue is whether the petitioner may exhaust the depreciated March 1,1913, value of its lease over a period of eleven years from August 1, 1922, while it receives a profit from its tenant; or whether that value must be prorated over the entire remaining life of the petitioner’s leasehold, about 87 years, although during some 76 years of that time the petitioner will receive no profit from the second tenant.
The respondent contends that the petitioner could not make a legally valid assignment of the original lease because that instrument imposed certain contingent liabilities which might run for the entire period of the lease. That contention is based upon the second paragraph of section twelve of the original lease, as set forth in the above findings of fact. We are not impressed by the argument. *1400 The lease itself contemplates the possibility of its being assigned; the mere fact of assignment would not of itself release the assignor from his liabilities, which were based upon privity of contract; nor would the contractual liability set up in the lease prevent its being-assigned. (1 Tiffany, Neal Property, 165, 166.)
But although the petitioner had the power to assign its lease to another, it did not do so by its agreement in June, 1922, with the Drug Company. What it did do was to make a sublease, with a promise of future assignment of the original lease provided the sublessee meanwhile carried out certain obligations.
The pertinent part of the agreement with the Drug Company is as follows:
Ninth: As a further consideration for the aforesaid demise the Lessee hereby agrees to purchase from the Lessor the building nosy upon the demised premises, together with all the right, title and interest of the Lessor in and to the same and in and to the unexpired term of the leasehold estate created by said underlying lease and to pay therefor, in addition to the other payments provided for by this lease, the further sum of One Hundred Fifteen Thousand Dollars ($115,000) payable in forty (40) installments of Twenty-five Hundred Dollars ($2500.00) each on the first days of August, November, February and May of each year for ten years commencing August 1,1922, and four (4) installments of Thirty-seven Hundred Fifty Dollars ($3750,00) each in the year commencing August 1, 1932, and each installment aforesaid shall bear interest at the rate of seven per cent, per annum from the time such installment shall become due and payable until the same shall be paid to the Lessor; and it is expressly covenanted and agreed that, if and when the Lessee herein shall have paid in full the purchase price aforesaid, .and shall have also paid all the rental herein reserved for the first eleven years of the terms of this lease, and shall have fully performed each and all the covenants and agreements on its part to be kept and performed hereunder during that period, then the Lessor herein shall and will execute and deliver to the Lessee a good and sufficient instrument of assignment, in accordance with all the provisions of the twelfth paragraph of said underlying lease, of all the right, title and interest of the Lessor herein as Lessee under said underlying lease in and to the then unexpired term thereof.
While it is probable that the petitioner will be called upon to so assign the original lease, it is not certain that such will be the case. Unless and until the Drug Company has faithfully performed all of the covenants and obligations required of it by its June, 1922, agreement with the petitioner, the latter is not obligated to assign its original lease. Until that is brought to pass, the petitioner remains in the same status as regards the original lease, as when that lease first went into effect. The obligation to assign .the original lease is contingent only, not positive and inescapable.
The lease is property which is subject to exhaustion, but deductions for such exhaustion must be spread over the period of the petitioner’s ownership of the lease. Grosvener Atterbury, 1 B. T. A. 169; Glad- *1401 ding Dry Goods Co., 2 B. T. A. 336. Such ownership, so far as we are now advised, does not terminate definitely until April 30, 2010. It may be, as the petitioner argues, that it will receive no net income from ,the leasehold after August 1, 1933, from which to deduct the annual prorated exhaustion of the leasehold. However that may be, we can not remake the contract for the petitioner. The determination Of the respondent must be approved.
Reviewed by the Board.

Judgment will be entered for the resyondent.